UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN DOE,<br>c/o Veterans Legal Clinic,<br>Legal Services Center of Harvard Law School<br>122 Boylston Street<br>Jamaica Plain, MA 02130<br><br>                Plaintiff,<br><br>v.<br><br>CARLOS DEL TORO,<br>in his official capacity as Secretary of the Navy,<br>1000 Navy Pentagon<br>Washington, D.C. 20350-1000<br><br>                Defendant. | Civil Action No. _____ |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION TO PROCEED UNDER PSEUDONYM**

**INTRODUCTION**

Plaintiff John Doe is a U.S. Navy Veteran who seeks authorization to file a Complaint in the above-captioned matter as a pseudonymous Plaintiff. He brings this action to challenge Defendant Secretary Del Toro's unlawful decision to set aside the Naval Discharge Review Board's award of an "Honorable" character of service to him.

While serving in the Navy, Plaintiff was raped. Among many other harms occasioned by this sexual assault, Plaintiff has suffered from post-traumatic stress disorder (PTSD) and depression. The details of Plaintiff's sexual assault and ensuing mental health conditions are bound up in the claims for relief he raises in this matter. Plaintiff seeks to avoid the stigma,

humiliation, and disruption of his recovery that would result from public disclosure of his sexual assault and mental health history.

By this motion, Plaintiff seeks leave to proceed under the pseudonym "John Doe," disclosing his identity only to the Court and to Defendants. A Proposed Order is submitted in conjunction with this motion. A Confidential Disclosure of Plaintiff's Name and Address will be filed under seal with the clerk once the case is assigned.

Revealing Plaintiff's name would unnecessarily aggravate the trauma he suffered by publicly disclosing sensitive information that would otherwise be kept confidential. Further, allowing Plaintiff to proceed pseudonymously will not disrupt the Court's adjudication of this case or otherwise disadvantage Defendant Del Toro. However, requiring Plaintiff to disclose his name would likely chill other veterans affected by Military Sexual Trauma (MST) or other mental health conditions from pursuing legal action in similar contexts. Disclosure of Plaintiff's name would also undermine the confidentiality of prior proceedings related to his discharge upgrade petitions, which, importantly, are *not* publicly available.

## I. LEGAL STANDARD

The First Circuit, in *Doe v. Massachusetts Institute of Technology*, 46 F.4th 61, 69-72 (1st Cir. 2022) [hereinafter, *Doe v. MIT*], established the current standard for evaluating motions to proceed under a pseudonym. In *Doe v. MIT*, the Court identified four situations for which party anonymity should be granted:

> (1) the moving party reasonably fears that "coming out of the shadows" would cause them unusually severe physical or psychological harm;
>
> (2) identification of the moving party would harm innocent non-parties to that suit;
>
> (3) anonymity for the moving party is "necessary to forestall a chilling effect on future litigants who may be similarly situated"; and

(4) denying anonymity to the moving party would undermine the confidentiality of a prior proceeding related to that suit.

The four standards function in tandem. As the First Circuit has explained, "it is possible that a party whose case for pseudonymity appears weak when each paradigm is analyzed separately may nonetheless make a persuasive showing when multiple paradigms are implicated." *Id.* at 72. Moreover, the Court made clear that these four standards do not "capture the entire universe of cases in which pseudonymity may be appropriate." *See id.*

Judges in this District have consistently applied the *Doe v. MIT* standard in evaluating motions to proceed under a pseudonym. *See, e.g.*, *Jakuttis v. Town of Dracut*, No. 16-12643-DPW, 2023 U.S. Dist. LEXIS 24554, at *85-86 (D. Mass. Feb. 14, 2023) (Woodlock, J.); *Doe v. Lyons*, No. 23-10894-NMG, 2023 U.S. Dist. LEXIS 81336, at *3-4 (D. Mass. May 9, 2023) (Gorton, J.).

**II. ARGUMENT**

The Court should grant this motion because Plaintiff's case satisfies the first, third, and fourth *Doe v. MIT* standards.

> **A. First *Doe v. M.I.T.* Standard: Plaintiff Reasonably Fears That Public Disclosure of His MST and Mental Health History Would Cause Him Unusually Severe Psychological Distress and Reputational Harm.**

This action directly concerns Plaintiff's sensitive and highly personal experience with sexual assault and his mental health. It is reasonable for a person diagnosed with PTSD and depression—especially when those conditions manifested in behavior resulting in a less than fully Honorable military discharge—to seek to prevent that diagnosis from becoming generally known in the public record of this proceeding. Requiring Plaintiff to identify himself would likely cause the same psychological and reputational injury that he attempts to relieve by seeking

restoration of the Honorable discharge he was awarded by the Naval Discharge Review Board (NDRB).

The First Circuit has held that the presumption against pseudonymous treatment may be overcome when the movant seeking anonymity "reasonably fears that coming out of the shadows will cause him unusually severe harm" of either a physical or psychological nature. *Doe v. MIT*, 46 F.4th at 71. As an example of a situation that meets this standard, the *Doe v. MIT* Court cited *Lauren B. v. Baxter International Incorporated and Subsidiaries Welfare Benefit Plan for Active Employees*, 298 F.R.D. 571, 573 (N.D. Ill. 2014). The Court in *Lauren B.* found that the plaintiff in that case was entitled to proceed pseudonymously because she suffered from an eating disorder, as well as other mental illnesses, and public disclosure would create risks and threaten her recovery from those afflictions.[1] *Id.* There, the Court determined that the public harm that would result from concealment of the plaintiff's identity was significantly outweighed by the potential distress that the plaintiff would endure if she were forced to disclose her name. *Id.*

Here, Plaintiff suffered severe the most egregious form of MST during his military service. Plaintiff's sexual assault and his related mental health conditions were minimized by the military until the NDRB recognized the causal connection between those conditions and his conduct and upgraded his discharge to an Honorable characterization of his military service. Despite Plaintiff's exemplary military service—which included awards and accelerated promotion before a sexual assault caused PTSD, depression, and substance abuse—Plaintiff

---

[1] Moreover, special legal protections apply to ensure the privacy of a patient's medical information. *See e.g.*, *Jaffee v. Redmond*, 518 U.S. 1, 15 (1996) (affirming that confidential psychotherapeutic conversations between a patient and a psychologist, psychiatrist, or social worker are privileged); Health Insurance Portability and Accountability Act of 1996 (HIPAA), Pub. L. No. 104–191, 110 Stat. 1936 (creating rights and protections regarding patients' health information).

struggled to maintain traditional employment and stable housing when discharged from the U.S. Navy.  Studies show that Plaintiff's experience is common.  Veterans with mental health issues routinely confront stigma and adverse employment prospects, and report difficulties with reintegration into civilian life.  *See* Dinesh Mittal et al., *Stigma Associated with PTSD: Perceptions of Treatment Seeking Combat Veterans*, 36(2) Psychiatric Rehabilitation J. 86, 86 (2013), https://pubmed.ncbi.nlm.nih.gov/11967456/; Christine A. Elnitsky et al., *Military Service Member and Veteran Reintegration: A Conceptual Analysis, Unified Definition, and Key Domains*, Frontiers in Psychology, Mar. 2017, at 1, https://www.ncbi.nlm.nih.gov/pmc/articles/PMC5348503/.

Furthermore, MST survivors, like Plaintiff, often blame themselves for having been sexually assaulted, believe that they are permanently damaged, and consider themselves a burden—all negative cognitions that are correlated to suicidal ideation.  *See* Tara E. Galovski et al., *State of the Knowledge of VA Military Sexual Trauma Research*, 37(Supp. 3) J. Gen. Internal Med. 825, 825 (2022),  https://www.ncbi.nlm.nih.gov/pmc/articles/PMC9481813/.  In such circumstances, public disclosure of severe and longstanding mental illnesses can trigger new health risks and set back an ongoing recovery.  *See id.*

In recent years, under the guidance of caring clinicians and counselors at the United States Department of Veterans Affairs (VA), Plaintiff has made enormous strides in coping with his symptoms.  Plaintiff is currently enrolled in a four-year Boston-area college majoring in computer programming while working part time in a municipal Veterans Services Office where he helps veterans with benefits and disability claims.  Plaintiff reasonably believes that coming out of the shadows about his sexual assault and mental illnesses could destabilize his reintegration efforts and threaten his recovery from longstanding PTSD.

Plaintiff's experience of MST and mental health history are highly sensitive matters. The Court and Defendant will be fully advised of the facts of Plaintiff's sexual assault and his resulting mental health history. But in no way does proper adjudication of Plaintiff's claims require disclosure of his name on the public PACER docket. *See* Complaint; *Doe v. MIT,* 46 F.4th at 71 (citing *In re Sealed Case*, 971 F.3d 324, 327 (D.C. Cir. 2020)).

The Court should grant this motion because Plaintiff's history of mental health conditions and sexual trauma would otherwise be made public, jeopardizing his continued progress towards recovery and reintegration into civilian society.

**B. Third *Doe v. M.I.T.* Standard: Requiring Plaintiff to Disclose his Identity together with the Highly Sensitive Information about his MST and mental health conditions Would Chill Similarly Situated Veterans from Seeking Discharge Upgrade Relief.**

In setting aside Plaintiff's Honorable discharge, Defendant Del Toro ignored or otherwise failed to abide by the *Manker* Settlement, a consent decree to which the Navy agreed in resolution of a class action before the U.S. District Court for the District of Connecticut. Stipulation & Agreement of Settlement, *Manker v. Del Toro*, No. 3:18-CV-372 (CSH) (D. Conn. Sep. 16, 2021). The *Manker* Settlement prompted and regulated discharge upgrade reconsiderations for veterans who, like Plaintiff, were discharged under less than fully Honorable conditions for conduct attributable to in-service mental health issues.

Beyond Plaintiff, Department of Defense ("DoD") records indicate that there are thousands of veterans who were granted discharge upgrade reconsiderations by the *Manker* Settlement. In addition, there are numerous veterans who were not included in the *Manker* Settlement who were sexually victimized and/or suffered from mental health issues at the time of their service and were improperly discharged as a result. Denial of this motion would require Plaintiff to publicly disclose highly personal medical information to gain access to the

legal system, and that treatment would have a chilling effect on similarly situated veterans who are otherwise eligible to seek judicial review of their discharge proceedings.

The First Circuit has held that potential chilling effects on similarly situated persons should be considered when determining whether a matter is sensitive enough to warrant proceeding under a pseudonym. *See Doe v. MIT,* 46 F.4th at 71. The First Circuit in *Doe v. MIT* emphasized that courts "must be wary of 'deter[ring] the legitimate exercise of the right to seek a peaceful redress'" in considering a party's motion for pseudonymity. *Id*. (citing *Talamini v. Allstate Insurance Co.*, 470 U.S. 1067, 1070-71 (1985) (Stevens, J., concurring)). A reluctance to seek judicial enforcement of one's rights typically arises in "cases involving 'intimate issues such as sexual activities, reproductive rights, bodily autonomy, [and] medical concerns.'" *Id.* (quoting *In re Sealed Case*, 971 F.3d 324, 327 (D.C. Cir. 2020)).

Like Plaintiff, many members of the military who have experienced MST and resulting PTSD were improperly discharged with less than fully Honorable characterizations of service because of misconduct triggered by their PTSD. *See* Human Rights Watch, *Booted: Lack of Recourse for Wrongfully Discharged US Military Rape Survivors* (2016), https://www.hrw.org/report/2016/05/19/booted/lack-recourse-wrongfully-discharged-us-military-rape-survivors. Many of those veterans continue to suffer significant harms in civilian life because of that trauma. *See id*.

For example, veterans with less than fully Honorable discharges are effectively stripped of eligibility for numerous benefits earned during the otherwise honorable period of their military service, including G.I. Bill educational benefits. *Id.* To remedy that injustice, veterans who were sexually victimized and/or developed mental health conditions during their service can apply for discharge upgrades through military review boards.

Unfortunately, DoD data indicates that many veterans are denied such upgrades. Veterans Legal Clinic at the Legal Services Center of Harvard Law School et al., *Turned Away: How VA Unlawfully Denies Health Care to Veterans with Bad Paper Discharges* 34 (2020), https://www.legalservicescenter.org/wp-content/uploads/Turn-Away-Report.pdf. In 2022, the NDRB denied upgrades for 81 applicants who survived MST. *Boards Statistics*, Boards of Review Reading Rooms, https://boards.law.af.mil/stats.htm (Jul. 31, 2023, 8:51 AM). Similarly, the NDRB in the same year denied upgrades to almost 500 applicants who claimed a mental health condition during service. *Id.*

The NDRB's repeated denial of discharge upgrade petitions by applicants with MST or mental health conditions led to the filing of *Manker v. Del Toro* in March 2018. Stipulation & Agreement of Settlement, *Manker v. Del Toro*, No. 3:18-CV-372 (CSH), at 2 (D. Conn. Sep. 16, 2021). The *Manker* plaintiffs alleged that the Secretary of the Navy failed to grant "liberal consideration" to NDRB applicants who experienced MST or mental health issues as mandated by, among other authorities, DoD guidance known as the "Kurta Memorandum," "Wilkie Memorandum," and "Hagel Memorandum." *See id.* After some litigation, Defendant Del Toro consented to a settlement that required Navy officials, including Defendant Del Toro himself and the NDRB, to reform the Navy's discharge review procedures and adopt numerous measures to ensure the correct application of the Kurta, Wilkie, and Hagel Memoranda, including automatic reconsideration of denied upgrade petitions of Navy veterans like Plaintiff. *See id.* at 9-17.

Thousands of Navy veterans were made eligible under the *Manker* Settlement for automatic reconsideration of their denied discharge upgrade petitions. *See id.* at 2. Future suits challenging NDRB and Secretary of the Navy decisions may be brought by other *Manker* Settlement veterans. Those cases likely will contain similarly sensitive personal issues. Mindful

of that possibility, courts should not force veterans like Plaintiff to choose between having their day in court and retaining their right to privacy about such sensitive matters as experiencing sexual assault and living with mental health conditions.

Accordingly, the Court should allow Plaintiff to proceed in this action under a pseudonym. Denial of this motion would chill similarly situated veterans with privacy concerns from seeking relief. *See id.*

**C. Fourth *Doe v. M.I.T.* Standard: This Action Implicates Confidential Prior Military Proceedings, Which Counsels in Favor of Granting Plaintiff Pseudonymity.**

Plaintiff's allegations implicate two Navy discharge upgrade adjudications that reference sensitive details regarding his experience with MST and mental health issues, one before the NDRB and one before Defendant Del Toro. In both cases Plaintiff disclosed his real identity, but only NDRB panel members and Defendant Del Toro had access to those proceedings. The NDRB decision is the only publicly available document from either case, and, in accordance with 32 C.F.R. § 724.810(b)(1), Plaintiff's name is redacted there. Denial of this motion would undermine the confidentiality of Plaintiff's discharge upgrade proceedings and needlessly frustrate military privacy policy.

*Doe v. MIT* identified a fourth context in which pseudonym use should be allowed— when a proceeding that plays a role in the litigation received confidential treatment. *Doe v. MIT.*, 46 F.4th at 71-72. As illustration, *Doe v. MIT* cited *R.F.M. v. Nielsen*, 365 F. Supp. 3d 350 (S.D.N.Y. 2019). *Nielsen* granted pseudonymity to non-minor plaintiffs challenging immigration authorities' denial of "special immigrant juvenile" status on the grounds that "related records from the New York Family Courts are protected by law." *Id.* at 371. *Doe v. MIT* also cited *Doe v. Bates*, 18-1250, 2018 WL 4539034, at *1 (S.D. Ill. Sept. 21, 2018), which granted pseudonymity to a plaintiff bringing an excessive force claim arising from juvenile

detention, because "revealing his identity would, in effect, unravel the protections afforded to his juvenile record."

The same situation exists here. By law, Plaintiff's identity was kept confidential during the NDRB and SRA discharge upgrade proceedings. Decisional documents from NDRB and SRA proceedings are typically publicly available in the online Armed Forces Discharge Review/Correction Board Reading Room. But 32 C.F.R. § 724.810(b)(1) requires that identifying details of the applicant, including their name, address, social security number, and military service number, are redacted in the published copy to "prevent a clearly unwarranted invasion of personal privacy." Besides the redacted decisional document, none of the proceedings related to Navy discharge upgrade cases are publicly available.

Further, for cases involving MST, like Plaintiff's, Navy leaders often choose to withhold the publication of any case documents—even redacted ones—in the online Reading Room. Should Plaintiff's name be required to be public, sensitive information that DoD must keep private would necessarily be revealed. Denial of this motion would afford public spectators with an easy roadmap to access Plaintiff's confidential discharge upgrade decisions. Because this action implicates confidential prior military proceedings, the Court should allow Plaintiff to proceed in this action under a pseudonym.

### III. CONCLUSION

Plaintiff seeks to avoid the severe and unusual harm that would result from public disclosure of his MST and mental health history. *See Doe v. MIT*, 46 F.4th at 71-72. Additionally, requiring Plaintiff to proceed under his own name would have a chilling effect on future litigation brought by similarly situated veterans and contravene the confidentiality provided by the U.S. Navy in its prior adjudications. *See id.*

These considerations, singly and collectively, outweigh the presumption of publicly disclosing party names.  *See id.*

Plaintiff therefore respectfully requests that this Court grant this motion for him to proceed in this litigation under the pseudonym "John Doe," and order that Plaintiff shall be referred to as "John Doe" in all publicly filed, unsealed documents in these proceedings.

Dated: December 15, 2023

Respectfully submitted,

/s/ Daniel L. Nagin
Daniel L. Nagin BBO#601058
Dana Montalto BBO#687436
John J. Regan BBO#415120
Gene Young Chang*
Attorneys for Plaintiff
VETERANS LEGAL CLINIC
LEGAL SERVICES CENTER OF HARVARD LAW SCHOOL
122 Boylston Street
Jamaica Plain, MA 02130
(617) 390-2737
dnagin@law.harvard.edu

*law student appearance certification pending

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on December 15, 2023, he has served the foregoing by U.S.P.S. certified mail upon:

General Counsel of the Navy
Naval Litigation Office
720 Kennon St., SE, Room 233
Washington Navy Yard, DC 20374-5013
(202) 685-7039

Merrick B. Garland
Attorney General of the United States
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

Joshua S. Levy
Acting United States Attorney for the District of Massachusetts
1 Courthouse Way, Suite 9200
Boston, MA 02210

/s/ Daniel L. Nagin
Daniel L. Nagin