UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JOHN DOE, | ) ) ) |  |
| Plaintiff, | ) ) |  |
| v. | ) ) | No. 1:23-cv-13112-JEK |
| CARLOS DEL TORO, | ) ) ) |  |
| Defendant. | ) ) |  |

### MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION TO PROCEED UNDER A PSEUDONYM

**KOBICK, J.**

Plaintiff John Doe challenges the decision of Carlos Del Toro, the Secretary of the Navy, to reverse a decision of the Naval Discharge Review Board ("NDRB") that had upgraded Mr. Doe's discharge status to Honorable. Due to the sensitive nature of the facts underlying the case as well as the confidentiality of the prior proceedings, Mr. Doe seeks to proceed under a pseudonym.[1] Because disclosure of Mr. Doe's identity could cause him unusually severe psychological harm and chill similarly situated future litigants, the motion will be granted.

### BACKGROUND

For purposes of this assented-to motion, and at this early stage in the proceedings, the Court recounts the facts as alleged in the complaint. *See Doe v. M.I.T.*, 46 F.4th 61, 64, 73 (1st Cir. 2022) (drawing facts from the complaint because they were "largely undisputed for present purposes,"

---

[1] Mr. Doe has submitted his identity to the Court under seal. *See Doe v. M.I.T.*, 46 F.4th 61, 77 (1st Cir. 2022).

1

but noting that "an order granting pseudonymity should be periodically reevaluated if and when circumstances change").

Mr. Doe enlisted in the Navy in 2009 and his initial service was exemplary. ECF 1, ¶¶ 63, 65-69. In July 2011, he was sexually assaulted by a fellow sailor. *Id.* ¶ 70. As a result of the assault, he developed depression and post-traumatic stress disorder ("PTSD") and began abusing alcohol, though his mental health struggles largely went undiagnosed at the time. *Id.* ¶¶ 72, 75, 78, 82, 86-87. Throughout 2011, Mr. Doe's conditions led to several infractions, prompting his referral to treatment programs. *Id.* ¶¶ 73-77, 79-89. Mr. Doe did not report his sexual assault until March 2012, when he sought treatment from a Navy psychiatrist after suffering from suicidal thoughts. *Id.* ¶¶ 87-88. After a surgeon determined that Mr. Doe had no medical condition that prevented him from fulfilling his duties, the Navy discharged him with an "Other Than Honorable" status in June 2012 for his infractions, notwithstanding a recommendation from the psychiatrist that he receive a "General (Under Honorable Conditions)" discharge. *Id.* ¶¶ 93, 96-98.

Due to his PTSD symptoms, Mr. Doe struggled to support himself upon discharge. *Id.* ¶¶ 99-102. He was hospitalized in 2013 after reporting suicidal ideations to the Department of Veterans Affairs ("VA"), and was officially diagnosed with PTSD, depression, and anxiety, but he remained barred from receiving benefits due to the nature of his discharge. *Id.* ¶ 102. It was not until 2016 that he was able to access VA healthcare benefits, and not until 2018 that he was able to receive a "100% disability rating for service-connected PTSD." *Id.* ¶¶ 104-05. Since 2022, Mr. Doe has been working part-time to help veterans secure housing, access benefits, and become employed. *Id.* ¶ 106. He has enrolled in a four-year undergraduate program, though he lacks access to G.I. Bill educational benefits because of his less than fully Honorable discharge status. *Id.* ¶ 107.

Seeking an Honorable discharge, Mr. Doe petitioned the Naval Discharge Review Board for a discharge upgrade in September 2020. *Id.* ¶¶ 108-10. The NDRB awarded him a General (Under Honorable Conditions) discharge, lower than an Honorable discharge. *Id.* In May 2022, Mr. Doe's discharge upgrade petition was automatically reviewed pursuant to the *Manker* settlement agreement, which concerned the standards the NDRB applied to veterans who suffered from mental health issues during their service. *Id.* ¶ 111; *see* ECF 221-2, Stipulation & Agreement of Settlement, *Manker v. Del Toro*, No. 3:18-cv-372-CSH (D. Conn. Sept. 16, 2021). This time, a different NDRB panel awarded Mr. Doe an Honorable discharge. ECF 1, ¶ 112.

In December 2022, Mr. Doe was notified that Secretary Del Toro had, pursuant to his Secretarial Review authority, decided to review Mr. Doe's Honorable discharge upgrade. *Id.* ¶ 114. Secretary Del Toro reversed the NDRB panel's decision and reinstated Mr. Doe's General (Under Honorable Conditions) discharge in February 2023. *Id.* ¶¶ 115-22. Among other consequences, that decision prevents Mr. Doe from accessing G.I. Bill educational benefits. *Id.* ¶¶ 27-28. Mr. Doe brought this action pursuant to the Administrative Procedure Act, 5 U.S.C. § 706, and the Declaratory Judgment Act, 28 U.S.C. § 2201, to obtain review of the Secretary's decision.

## DISCUSSION

The presumption against pseudonymous litigation gives way only in "exceptional cases." *M.I.T.*, 46 F.4th at 67 (citing *Does 1-3 v. Mills*, 39 F.4th 20, 25 (1st Cir. 2022)). A threat to reputation, on its own, is not sufficient to justify proceeding under a pseudonym. *Id.* at 70. In determining whether a case is "exceptional," a district court must apply a "totality of the circumstances" test, looking in particular to four non-exhaustive "paradigms" that ordinarily satisfy that test. *Id.* at 70-72. Mr. Doe argues that his case meets three of the four paradigms, and this Court agrees, at least to the first two. At this stage of the litigation, that is enough.

3

The first paradigm concerns a litigant who "reasonably fears that coming out of the shadows will cause him unusually severe harm (either physical or psychological)." *Id.* at 71. Paradigmatic examples include litigants who are survivors of sexual assault, *id.* (citing *Doe v. Ayers*, 789 F.3d 944, 945 (9th Cir. 2015)), and litigants undergoing treatment for mental illness that might be jeopardized by disclosure, *id.* at 71 (citing *Lauren B. v. Baxter Int'l Inc. & Subsidiaries Welfare Benefit Plan for Active Emps.*, 298 F.R.D. 571, 573 (N.D. Ill. 2014)). Here, Mr. Doe survived a sexual assault that precipitated significant mental health challenges that have persisted for years. He has credibly alleged that disclosure of his name would inhibit his ongoing recovery and trigger serious risks, including suicidal ideation. This case is solidly within the first paradigm.

The third paradigm "involves cases in which anonymity is necessary to forestall a chilling effect on future litigants who may be similarly situated." *M.I.T.*, 46 F.4th at 71. "A deterrence concern typically arises in cases involving 'intimate issues such as sexual activities, reproductive rights, bodily autonomy, medical concerns, or the identity of abused minors.'" *Id.* (quoting *In re Sealed Case*, 971 F.3d 324, 327 (D.C. Cir. 2020)). Here, Mr. Doe's second upgrade resulted from a class action settlement concerning veterans whose less than fully Honorable discharges were attributable to in-service mental health struggles. Thus, there is an ascertainable class of future litigants who, like Mr. Doe, may have legal claims involving medical concerns, possibly also related to sexual trauma. Disclosure of the identity of individuals like Mr. Doe may indeed chill similarly situated former service members from seeking judicial review of decisions regarding discharge status. This case fits comfortably within the third paradigm.

Mr. Doe also urges that his case falls into the fourth paradigm, "involv[ing] suits that are bound up with a prior proceeding made confidential by law," *id.*, because his identity was kept

confidential during the discharge upgrade proceedings pursuant to 32 C.F.R. § 724.810(b)(1). Because Mr. Doe's interest in proceeding by pseudonym is amply justified by the two paradigms already discussed, the Court need not address whether denying Mr. Doe anonymity "would significantly undermine the interests served by th[e] confidentiality" of NDRB's prior proceedings. *M.I.T.*, 46 F.4th at 71.

## CONCLUSION

For the foregoing reasons, Mr. Doe's motion to proceed under a pseudonym is GRANTED. SO ORDERED.

/s/ Julia E. Kobick
United States District Judge

Dated: February 27, 2024